**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BECKY CANNON,<br>4249 Licking Valley Rd.<br>Newark, OH 43055, | : <br> : <br> : | Civil Action No. 17-4 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE |
| | : | |
| LICKING COUNTY, OHIO,<br>C/O Beverly Adzic, Administrator<br>Board of Licking County Commissioners<br>20 S. Second St.<br>Newark, OH 43055, | : <br> : <br> : <br> : <br> : | |
| | : | MAGISTRATE JUDGE |
| and | : | |
| | : | |
| TIM BUBB, in his official capacity,<br>Board of Licking County Commissioner<br>20 S. Second St.<br>Newark, OH 43055, | : <br> : <br> : <br> : | |
| | : | |
| and | : | |
| | : | |
| RICK BLACK, in his official capacity,<br>Board of Licking County Commissioner<br>20 S. Second St.<br>Newark, OH 43055, | : <br> : <br> : <br> : | |
| | : | |
| and | : | |
| | : | |
| DUANE FLOWERS, in his official capacity,<br>Board of Licking County Commissioner<br>20 S. Second St.<br>Newark, OH 43055, | : <br> : <br> : <br> : | |
| | : | |
| and | : | |
| | : | |
| RANDY THORP, in his official capacity,<br>Licking County Sheriff<br>155 E. Main St. | : <br> : <br> : | |

1

Newark, OH  43055,     :
            :
  and       :
            :
DEPUTY JENNIFER GREEN, in her :
individual and official capacities,  :
Licking County Sheriff's Office  :
155 E. Main St.      :
Newark, OH  43055,     :
            :
  and       :
            :
DEPUTY ROBERT MEEK, in his  :
individual and official capacities,  :
Licking County Sheriff's Office  :
155 E. Main St.      :
Newark, OH  43055,     :
            :  **JURY DEMAND ENDORSED HEREON**
      Defendants.  :

## COMPLAINT

### I. **Preliminary Statement**

1. Plaintiff Becky Cannon brings this action because Defendants Jennifer Green and Robert Meek, acting pursuant to the policies, practices, and customs of Defendants Licking County and its Sheriff, violated her rights under (a) the Fourth and Fourteenth Amendments to the United States Constitution when they used excessive force and, to justify that use of force, fabricated facts and omitted material exculpatory facts in a report; and (b) the common law of the State of Ohio when they committed battery physically injuring her.

### II. **JURISDICTION**

2. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights); and 1367 (supplemental jurisdiction).

3. Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201; 2202; 42 U.S.C. § 1983; and the common law of the State of Ohio.

4. Compensatory and, against Defendants Green and Meek, punitive damages may be awarded under 42 U.S.C. § 1983 and the common law of the State of Ohio.

2

5.     Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and the common law of the State of Ohio.

6.     Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because the claims arose in Licking County, Ohio.

## III.     PARTIES

7.     Plaintiff Becky Cannon ("Ms. Cannon") is a female; 5'4"; weighs 165 pounds; age 52; suffers from a serious lung condition; a resident of a rural area in Licking County where she lives with her husband; and has health insurance through Medicare.

8.     Defendant Licking County is a political subdivision of the State of Ohio pursuant to Chapter 2744, Ohio Revised Code; reached through Defendant County Commissioners, who are named only in their official capacity and sue-and-be-sued status under O.R.C. §305.12, is a unit of local government established under the laws of the State of Ohio; and, at all material to this Complaint, was a "person" under 42 U.S.C. §1983; acted under color of law; the employer of Defendants Green and Meek; and established policies on and trained and supervised Defendants Green and Meek and other members of Licking County's law enforcement team in the use of physical force during an investigation and arrest and in how to write reports describing use of force and determined when excessive force was used and/or reports fabricated or misleading and the discipline for such misconduct.

9.     Defendant Randy Thorp was, at all times material to this Complaint, the duly elected Licking County Sheriff; acted in all ways pertinent to this Complaint as the employer of Defendants Green and Meek and; and established policies on and trained and supervised Defendants Green and Meek and other members of Licking County's law enforcement team in the use of physical force during an investigation and arrest and in how to write reports describing use of force and determined when excessive force was used and/or reports fabricated or misleading and the discipline for such misconduct.

10.     Defendant Jennifer Green, at all times material to this Complaint, was employed by Defendant Licking County in its Sheriff's Office; is being sued in her individual and official

3

capacities; and received training by or on behalf of Defendant Licking County and its Sheriff's Office in the use of physical force during an investigation and arrest and writing reports about that use and was subject to being supervised and disciplined by Defendants Licking County and Sheriff Thorp when excessive force was used or fabricated or misleading reports written.

11. Defendant Robert Meek, at all times material to this Complaint, was employed by Defendant Licking County in its Sheriff's Office; is being sued in his individual and official capacities; and received training by or on behalf of Defendant Licking County and its Sheriff's Office in the use of physical force during an investigation and arrest and writing reports about that use and was subject to being supervised and disciplined by Defendants Licking County and Sheriff Thorp when excessive force was used or fabricated or misleading reports written.

## IV. <u>FACTS</u>

12. On April 16, 2016, Ms. Cannon was at home with her husband, Dan Cannon, when she saw him dozing off.

13. Concerned that Mr. Cannon was suffering a medical emergency, Ms. Cannon called 911 and sought treatment for her husband.

14. Several minutes after she called 911, Emergency Medical Technicians ("EMTs") from Hanover arrived at her home.

15. By the time the EMTs arrived, Mr. Cannon was sitting on the front porch of the home.

16. The EMTs evaluated Mr. Cannon and found that he was not suffering from any medical conditions and did not need to be transported to the hospital.

17. Shortly thereafter, Defendant Green, Defendant Meek, and Licking County Sheriff's Deputy Jim Dearing arrived at Ms. Cannon's home.

18. While waiting for the EMTs to complete their work, Defendant Green spoke with Mr. Cannon, who informed her that Ms. Cannon had been drinking earlier in the day.

19. After learning that Ms. Cannon had been drinking, Defendant Green entered Ms. Cannon's home without permission to speak with her.

4

20. Ms. Cannon instructed Defendant Green to leave her home, but Defendant Green did not comply.

21. After refusing to leave Ms. Cannon's home, Defendant Green threatened Ms. Cannon with arrest for disorderly conduct if she did not calm down.

22. Ms. Cannon again asked Defendant Green to leave her home, and Defendant Green again refused to comply.

23. After a few moments, another Deputy, whose name is not known, entered Ms. Cannon's home, she again asked the Deputies to leave, and this time they complied with her request.

24. After the two Deputies left Ms. Cannon's home, the EMTs cleared the medical emergency call and all emergency responders left.

25. Ms. Cannon, who was upset by Defendant Green entering her home, began to break plates and other small items inside her own home.

26. Ms. Cannon lives in a rural area of Newark, Ohio, and her closest neighbor would not have been affected by the noise that was created when Ms. Cannon was breaking the items in her home.

27. Ms. Cannon's home is set far enough back from the street that any passing motorist or pedestrian would not have been affected by her actions.

28. Roughly five to ten minutes after they left, Defendants Green and Meek were again dispatched to Ms. Cannon's home.

29. Ms. Cannon's daughter had called for assistance indicating that Ms. Cannon was breaking items within her own home.

30. When Defendant Green arrived she again entered Ms. Cannon's home.

31. As before, Ms. Cannon instructed Defendant Green to leave, and again Defendant Green refused to leave.

32. After being asked to leave, Defendant Green informed Ms. Cannon that she was being placed under arrest for disorderly conduct and instructed her to place her hands behind her back.

33. As Defendant Green was informing Ms. Cannon that she was being placed under arrest, Defendant Meek arrived at Ms. Cannon's home to assist Defendant Green.

34. After being informed that she was being placed under arrest, Ms. Cannon complied with Defendant Green and placed her hands behind her back.

35. When Defendant Green placed the handcuffs on Ms. Cannon, she placed the handcuffs on very tightly, causing Ms. Cannon to reflexively move her arm slightly.

36. When Ms. Cannon reflexively moved her arm, Defendant Meek, who was standing nearby, executed an arm-bar take down to forcefully bring Ms. Cannon to the ground.

37. The handcuffs had already been placed and locked on Ms. Cannon.

38. Ms. Cannon did not struggle or resist having the handcuffs placed on her and locked.

39. The arm-bar take down thrust Ms. Cannon to the floor and, because her hands were cuffed behind her back, she could not protect her head or body when they hit the floor.

40. After being thrown to the ground by Defendant Meek, Ms. Cannon offered no resistance and shouted, "Okay! Okay!"

41. Despite Ms. Cannon offering no resistance to the Deputies, Defendants Green and Meek continued to assault Ms. Cannon by delivering strikes to her chest and legs.

42. Defendants Green and Meek were angry about and resented being called out to the Cannons home twice and being told by Ms. Cannon to leave, and they kept hitting her to punish her for her behavior and insolence.

43. After the incident took place, Defendants Green and Meek attempted to justify their use of force in their Field Case Reports ("Report").

44. In Defendant Green's Report she stated that Ms. Cannon did not comply with requests to place her arms behind her back and rather "began squaring up to fight me and Dep. Meek."

45. Defendant Green contends that, as the two Defendants approached Ms. Cannon, she backed away and threated to fight.

46. Defendant Green reported that Defendant Meek grabbed Ms. Cannon's arm, Ms. Cannon attempted to jerk away, and she was "escorted to the ground" placed in handcuffs and arrested.

47. Defendant Meek also filed a Report based on his interaction with Ms. Cannon.

48. In his report, Defendant Meek states that Ms. Cannon attempted to jerk away from being handcuffed and omits any suggestion that she attempted to fight the Deputies.

49. Neither Defendant Meek nor Defendant Green stated that Ms. Cannon offered any resistance after being thrown to the ground, and neither Defendant reported continued use of force against Ms. Cannon when she was on the ground.

50. After Ms. Cannon was assaulted, she was removed from her home and taken to the Licking County jail where she remained until she was released on bail.

51. Ms. Cannon was charged with Disorderly Conduct and Resisting Arrest Ms. Cannon pled guilty to the Disorderly Conduct charge and Ms. Cannon entered a pretrial diversion program of intervention in lieu of conviction that involved counseling programs for the Resisting Arrest charge

52. Ms. Cannon was never charged with assaulting a Deputy.

53. Ms. Cannon chose to plead not guilty to the Resisting Arrest charge as she knew that she did not offer any resistance to Defendants Green and Meek.

54. Ms. Cannon chose to enter the diversion program instead of risking trial as she feared that Defendant Green and Meek would falsely testify in the same manner that they fabricated their narrative in their Field Reports.

7

55.     Ms. Cannon also feared that she would be sentenced to jail time for Resisting Arrest and that she would not receive proper care for her chronic lung disease.

56.     Because of the pain that Ms. Cannon was in as a result of the attack, she was unable to leave her bed for several days.

57.     When she was well enough, Ms. Green went to a local hospital, on April 18, 2016, for treatment and was diagnosed with contusions to her torso, back, and legs.

58.     The amount of force Defendants Green and Meek used to control Ms. Cannon and secure her arrest was excessive.

59.     Defendants Green and Meek never warned Ms. Cannon that they would smash her to ground or continue striking her while on the ground and handcuffed.

60.     Ms. Cannon did not consent to be touched by Defendants Green or Meek.

61.     Defendants Green and Meek acted intentionally in touching Ms. Cannon.

62.     All of the said acts alleged herein were done by Defendants Green and Meek within the scope of their employment; under color of state law; and recklessly, wantonly, in bad faith and/or maliciously.

63.     Before April 16, 2016, Defendants Licking County and Sheriff Thorp knew from previous experience with the Sheriff's Deputies that they would use force to subdue subjects and frequently do so excessively as they got caught up in the excitement of the moment, believed they had been treated disrespectfully, and wanted to teach the subject a lesson.

64.     Before April 16, 2016, Defendant Licking County did not provide training about, adopt and effectively disseminate clear and specific policies regarding, or adequately supervise or discipline for use of excessive force in situations where its officers got caught up in the excitement of the moment, believed they had been treated disrespectfully, and wanted to teach the subject a lesson.

65.     Defendants Licking County and Sheriff Thorp were deliberately indifferent in the training, adoption and dissemination of policies, supervision, and discipline of officers for using

8

force, especially when they are caught up in the excitement of the moment, believed they had been treated disrespectfully, and wanted to teach the subject a lesson.

66.     The failure to train and supervise Defendants Edwards and Meeks proximately caused the injuries Ms. Cannon suffered.

67.     Before April 16, 2016, Defendants Licking County and Sheriff Thorpe knew from previous experience with the Sheriff's Office that, to avoid discipline or civil liability, they would fabricate inculpatory facts in their police reports and/or omit material exculpatory ones whenever a potential claim of excessive force arose.

68.     Before April 16, 2016, Defendants Licking County and Sheriff Thorpe facilitated the fabrication of inculpatory facts in their Deputies' reports and/or omission of material exculpatory facts in order to overcharge and entice suspects to enter plea bargains and execute a release or waiver of any claims for excessive force against Defendants Licking County and Sheriff Thorp and its Sheriff's Deputies.

69.     Defendants Licking County and Sheriff Thorpe were deliberately indifferent in the training, adoption and dissemination of policies, supervision, and discipline of its officers for such fabrication and omission.

70.     As a proximate result of the said acts by Defendants, Ms. Cannon has suffered and continues to suffer damages, including loss of income and legal and other expenses, physical pain and suffering, emotional anguish, embarrassment, and fear.

## V.     CLAIMS FOR RELIEF

### A.     First Count: Violation of Fourth and Fourteenth Amendment Rights

70.     Paragraphs 1 through 70 above are realleged and incorporated herein.

71.     By using excessive force, Defendants Green and Meek violated Ms. Cannon's privacy and bodily integrity protected by the Fourth and Fourteenth Amendments.

72.     By their deliberate indifference to the policies, training, supervision, and discipline needed to prevent law enforcement officers from using excessive force in circumstances similar to those involving Ms. Cannon and fabricating or omitting material facts

from their reports whenever a potential claim of excessive force arose, Defendants Licking County and Sheriff Thorp caused Ms. Cannon's deprivation of civil rights and injuries and thereby violated the Fourth and Fourteenth Amendments.

### B.    Second Count: Battery

73.    Paragraphs 1 through 70 above are realleged and incorporated herein.

74.    By using excessive force on Ms. Cannon without her consent, express or implied, to being touched, Defendants Green and Meek committed battery.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Ms. Cannon demands judgment against the Defendants, jointly and severally,

a.    declaring that they have violated her civil rights and Defendants Green and Meek committed battery against her;

b.    ordering such equitable relief as will make her whole for Defendants' unlawful conduct; pre- and post-judgment interest; costs; and reasonable attorneys' fees;

c.    awarding compensatory damages in excess of $75,000 and, against Defendants Green and Meek, punitive damages in excess of $75,000; and

d.    granting such other relief as the Court may deem appropriate.

Respectfully submitted

By: _/s/ Samuel M. Schlein_____
Samuel M. Schlein (0092194)
(*sschlein@marshallandmorrow.com*)
John S. Marshall (0015160)
(*jmarshall@marshallandmorrow.com*)
Edward R. Forman (0076651)
(*eforman@marshallandmorrow.com*)
MARSHALL AND MORROW LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

Fax (614) 463-9780

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and defenses triable to a jury.

By: _/s/ Samuel M. Schlein_____
Samuel M. Schlein (0092194)