# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BECKY CANNON,

        Plaintiff,

    v.

LICKING COUNTY, OHIO, *et al.*,

        Defendants.

Case No. 2:17-cv-00004

CHIEF JUDGE MARBLEY

Magistrate Judge Deavers

## OPINION AND ORDER

This matter is before the Court upon Plaintiff's and Defendants' Pretrial Objections (ECF Nos. 75 and 78) (the "Objections"). For the reasons that follow, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's and Defendants' Objections in ECF No. 78 and **SUSTAINS** Plaintiff's Objection in ECF No. 75.

### I. OBJECTIONS

The parties have filed the following objections with the Court:

a. **Trial Deposition of Bradley Allen, M.D.**

    i. Page 21, Line 7-24; Page. 22, Line 1-24; Page. 23, Line 1-24; Page. 25, Lines 1-2; Page 27, Lines 6-12.

The Objection is **OVERRULED**. This Objection is overruled because it is moot pursuant to the Court's rulings on the parties' Motions in Limine.

    ii. Page 37, Lines 22-24; Page 38, Lines 1-15

The Objection is **OVERULED**. This Objection is overruled because Dr. Allen's response to the questions on which Plaintiff objects do not mention domestic violence between Plaintiff and her husband. The testimony only states that Dr. Allen was not present at the time the alleged injuries were sustained.

**b. Trial Deposition of Eric M. Layne, M.D.**

    **i. Page 13, Lines 17-21**

The Objection is **OVERULED**. This Objection is overruled because the question that Defendant objects to is a foundational question and will not confuse the jury.

    **ii. Page 16, Lines 21-24; Page 17, Lines 1-4**

The Objection is **OVERULED**. This Objection is overruled because the question that Defendant objects to is a foundation question and experts are allowed to be directed towards topics.

    **iii. Page 28, Lines 2-8**

The Objection is **OVERULED**. This Objection is overruled because the Court does not consider this question to be confusing, nor does it believe the question will mislead the jury.

    **iv. Page 28, Lines 9-13**

The Objection is **SUSTAINED**. This Objection is sustained because the question asks the witness to offer its opinion on Plaintiff's credibility which is a role reserved for the jury.

    **v. Page 32, Lines 10-18**

The Objection is **OVERULED**. This Objection is overruled for the same reasons this Court denied Defendant's Motion in Limine with regards to Dr. Allen's testimony.

      **vi. Page 37, Line 24; Page 38, Lines 1-24; Page 39, Lines 1-3**

The Objection is **SUSTAINED**. This Objection is sustained because pursuant to the Court's rulings on the parties' Motions in Limine all evidence regarding the Plaintiff and her husband's domestic violence history is to be excluded from trial.

      **vii. Page 46, Lines 17-24**

The Objection is **SUSTAINED**. This Objection is sustained because testimony relating to the Plaintiff's financial status is not relevant to this case. Further, the question and answer relates to insurance information which could confuse or mislead the jury.

      **viii. Page 47, Lines 7-18**

The Objection is **OVERRULED**. This Objection is overruled for the same reasons this Court denied Defendant's Motion in Limine with regards to Dr. Allen's testimony.

**c. Plaintiff's Objections to Defendant's Exhibits**

Plaintiff objects to the seven documents arising out of Plaintiff's psychological examination by Defendant's expert on May 10, 2018 that Defendants added to the Amended Proposed Exhibit List (ECF No. 74). For the following reasons, the Objection is **SUSTAINED**.

The exhibits were added to the Proposed Exhibit List on October 14, 2019. On June 11, 2018 Dr. Reardon, in his expert report, stated which psychological test he administered to Plaintiff. Defendants did not disclose these tests to the Plaintiff until October 14, 2019 (14 days prior to trial) even though on May 17, 2018 the Plaintiff requested "all documents prepared, reviewed or relied upon by any expert retained by Defendant in this case." (ECF. No. 75 at 1).

Rule 37(C)(1) states: "If a party fails to provide information or identify a witness as required by Civ. R. 26(E), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

harmless." Because Plaintiff had a discovery request that encompassed the disputed documents and Defendant failed to produce relevant documents until 14 days prior to trial, this Court finds that Rule 37(C)(1) applies. Further, because the tests were provided to Plaintiff so close to trial it is an unfair to expect Plaintiff to be able to adequately prepare for trial with respect to these documents. Therefore, the lack of timely disclosure is not harmless. Rule 37(C)(1) thus applies, and this Court has the authority to prohibit a party from entering such documentation into evidence. *See* Fed. R. Civ. Pro. 37(C)(1) (cross referencing remedies available in Fed. R. Civ. Pro. 37(B)(1)). Therefore, Plaintiff's Objection is **SUSTAINED**.

## II. CONCLUSION

For the foregoing reasons, the Court the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's and Defendant's Objections in ECF No. 78 and **SUSTAINS** Plaintiff's Objection in ECF No. 75. The Clerk shall remove Documents 75 and 78 from the Court's pending motions list.

**IT IS SO ORDERED.**

   */s/ Algenon L. Marbley*
**ALGENON L. MARBLEY**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**